No. 97-407

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

ALEX E. SMITH and TRUDY L. SMITH,
husband and wife,

Plaintiffs and Respondents,

v.

ROBERT L. JOHNSON and ANITA A. JOHNSON,
husband and wife,

Defendants and Appellants.

FILED

DEC 30 1997

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:     District Court of the Tenth Judicial District,
                 In and for the County of Fergus,
                 Honorable Wm. Nels Swandal, Judge Presiding.

COUNSEL OF RECORD:

        For Appellants:

                Robert L. Johnson, Attorney at Law, Lewistown, Montana

        For Respondents:

                Michael Ridgeway, Attorney at Law, Hubble & Ridgeway,
                Stanford, Montana

                                Submitted on Briefs: December 23, 1997

                                          Decided: December 30, 1997

Filed:

_____
                 Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Group.

This is an appeal from the Tenth Judicial District Court's February 24, 1997 order dismissing Count II and its May 2, 1997 order striking the Appellants Robert L. and Anita A. Johnson's (Johnsons') amended answer, cross-claim, and demand for jury trial and denying their request to expunge certain portions of the court's "Explanatory Comment."

Respondents Alex and Trudy Smith (Smiths) purchased real property on a contract for deed from the Johnsons. The Johnsons contracted to provide "guaranteed access" to the property. However, at the time of the transaction, there was no guaranteed access to the property. The only access onto the property was via a road crossing over property owned by a neighbor of the Smiths. The Johnsons took the position that they were only required to provide the access once the contract had been paid in full.

To obtain the guaranteed access, the Smiths sued the Johnsons, requesting that the court allow them to prepay the contract and require the Johnsons to provide the guaranteed access (Count I). In Count II of the complaint, the Smiths sought to quiet title to a separate road which the Johnsons were using to access the Johnsons' residence and which crossed

2

property owned by the Smiths. The parties filed cross-motions for summary judgment.

At the hearing on the motions for summary judgment, the Johnsons represented that they had the necessary easement which would provide the access that the Smiths were demanding. The Smiths reviewed the easement document and determined that it was satisfactory. Mr. Johnson then prepared a stipulation dismissing Count I. There was no request by either party for fees or costs at that time. Mr. Johnson, an attorney representing himself and his wife, and counsel for the Smiths signed the stipulation and, pursuant to this stipulation, the court dismissed Count I with prejudice.

With regard to Count II, the court denied the Johnsons' motion for summary judgment and ordered the parties to mediate. When the parties were unable to mediate Count II, the Smiths offered the Johnsons an easement over the road in question. However, the Johnsons would not accept the easement unless the Smiths agreed to pay the Johnsons' costs and attorney fees. The Smiths refused to agree to pay the fees and costs. Instead they, on their own motion, dismissed Count II with prejudice. The Johnsons objected and requested fees and costs relating to both Counts I and II. The District Court granted the Smiths' motion to dismiss Count II with prejudice and denied the Johnsons' claim for costs and fees with an explanatory comment which stated, *inter alia*: "With the settlement [on Count I], plaintiffs prevailed on the easement issue, and defendants prevailed on the prepayment issue." The Johnsons' various post-judgment motions to expunge this language were denied, and the Johnsons appealed to this Court.

3

On appeal, the Johnsons appear to contend that they are entitled to attorney fees as prevailing parties under the provisions of the contract for deed. The stipulation of dismissal, however, does not provide that either party prevailed nor does it provide that either party is entitled to attorney fees. The parties are bound by that stipulation and order of dismissal. The District Court's denial of the Johnsons' request for costs and attorney fees as to Count I is affirmed.

Count II of the amended complaint is a quiet title claim. As such, it does not come within the purview of the contract provision allowing attorney fees to the prevailing party in an action to enforce the terms of the agreement. The District Court did not err in denying attorney fees in the dismissal of Count II.

The Johnsons also ask this Court to remand to the District Court with instructions to expunge that part of the "Explanatory Comment" in which the court, noting that the Smiths prevailed on the easement issue and the Johnsons prevailed on the prepayment issue, concluded there was no prevailing party entitled to attorney fees. Johnson is apparently concerned that the court's explanatory comment might give rise to further litigation.

The Johnsons have cited no authority whereby this Court can edit or dictate the terms of the District Court's rationale. We can affirm decisions of the district court regardless of whether the court reached the decision for the right reasons. Clark v. Eagle Systems, Inc. (1996), 279 Mont. 279, 927 P.2d 995. Since we have affirmed the District Court's denial of attorney fees, it matters not why the court denied the fees. At worst, the court's comments

4

could be considered dicta. Furthermore, since the court dismissed both counts of the complaint *with prejudice*, the Johnsons' fears of future litigation are unfounded. The Johnsons' request for a remand is denied.

The Smiths have requested that, pursuant to Rule 32, M.R.App.P., we impose reasonable attorney fees upon the Johnsons for filing an appeal without substantial or reasonable grounds. That request is denied, and the appeal is affirmed with each party to pay their own costs and fees.

_W. William Leaphart_
Justice

We concur:

_J. A. Turnage_
Chief Justice

_Karla M. Gray_

_Terry Trieweiler_

_Jim Regnier_
Justices

December 30, 1997

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Robert L. Johnson
Attorney at Law
SUITE 507 MONTANA BUILDING
LEWISTOWN MT 59457

Michael Ridgeway
Attorney at Law
PO BOX 556
STANFORD MT 59479-0556

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy